McIlvaine, C. J.
What is the meaning and effect of section 896 of Revised Statutes ? It reads as follows: “ If a person is aggrieved by the decision of the county commissioners in any case, such person maj, within fifteen days thereafter, appeal to the next court of common pleas, notifying the commissioners of such appeal at least ten days before the time of trial, which notice shall be in writing, and delivered personally to the commissioners, or left with the auditor of the county, and the court shall, at their next session, hear and determine the same, which decision shall be final.” This section was formerly section 18 in the commissioners’ act, and has been found in the statutes of the state for many years.
The question is now raised: Can the decision of the court of common pleas rendered on an appeal from the county commissioners be reviewed on error ?
The plaintiff in error contends that error will not lie, unless the decision to be reviewed be absolutely void. On the other hand defendants in error claim that it will lie to review a decision voidable merely.
The solution of this question depends on the effect to be given to the word “ final ” in the section above quoted.
It may be coustrued to mean that the decision “leaves nothing for the further consideration of the court ” rendering it. 13 Ohio, 421. If this be the extent of the legisla *212 tive meaning, the decision may be reviewed by appeal or on error A judgment must be final in this sense, in order that a review on appeal or on error may be maintained. It may be construed, however, as denying the right to review the decision by appeal, or on petition in error — either or both. This is the sense and meaning of this section, for which plaintiff in error contends.
That the right of appeal whereby the decision appealed from is vacated, and the matter in dispute is submitted to the appellate court, as if no previous decision had been made, has, in practice, under this section, been denied, and this view has been approved by this court. 88 Ohio St. 528. This view is certainly in accord with the general policy of the state (evidenced by present and previous legislation), which has been to deny the right of a second appeal in the same case, and we see no good reason for departing from it now.
The right to review such decisions on petition in error is not hampered by any such policy or practice. Indeed, the practice and policy of the state has been in favor of such reviews. In the argument of the case, it is admitted that the practice in courts below has been to review such decisions on error. This practice, unchallenged, has prevailed in this court. Several cases are reported in which the practice is maintained. Commissioners of Clermont Co. v. Robb, Wright, 48, and 5 Ohio, 491; Bowersox v. Commissioners of Seneca Co., 20 Ohio St. 496; Commissioners of Belmont Co. v. Ziegelhofer, 38 Ohio St. 523.
The distinction between void and voidable judgments, as claimed by plaintiff in error, has not received the attention of the court in any of these cases, and we can see no reason on which the right to review on error should be made to depend on such distinctions.
The right to review such decisions on error is plainly within the terms of chapter 1, title 4, part 3, of the Revised Statutes, and we can see no reason why the construction heretofore placed in practice, upon section 896, should be departed from.

Motion overruled.